*L. BIXBY* was intended and represented or impliedly warranted the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* to be of merchantable quality, and safe and fit for its intended uses.

103. Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, had a duty to exercise reasonable care in the research, development, design, testing, manufacture, inspection, labeling, distribution, marketing, promotion, sale, lease, and release of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY*.

104. Decedent TYLER GARRETT HAYDEN, and/or those surrounding or in close proximity to said Decedent, made a decision to use the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY*, and reasonably relied upon Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, and their agents to disclose known defects, risks, and dangers of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY*.

105. Decedent TYLER GARRETT HAYDEN and/or those surrounding or within the proximity of said Decedent, had no knowledge of the falsity or incompleteness of Defendants', BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of their, statements and representations concerning the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* when Decedent TYLER GARRETT HAYDEN, and/or those surrounding or in close proximity to said Decedent used the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* as researched, developed, designed, tested, manufactured, positioned,

placed, constructed, built, maintained, inspected, labeled, distributed, marketed, promoted, sold and otherwise released into the stream of commerce by Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them.

106. Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, had sole access to material facts concerning the defects, and Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, knew that purchasers, consumers, lessors, users and/or bystanders, such as Decedent TYLER GARRETT HAYDEN and/or those surrounding or in close proximity to said Decedent could not have reasonably discovered such defects.

107. By the conduct alleged, Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, impliedly warranted to Decedent TYLER GARRETT HAYDEN and/or those surrounding or in close proximity to said Decedent that the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* was/were merchantable and fit for the purpose intended.

108. Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, breached this warranty in designing, manufacturing, selling, leasing, and distributing the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* in a dangerous and defective condition and in failing to warn

Decedent TYLER GARRETT HAYDEN and/or those surrounding or in close proximity to said Decedent and purchasers, consumers, lessors, users and/or bystanders of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* of these defects.

109. As the direct and legal result of the foregoing, and the death of the Decedent TYLER GARRETT HAYDEN, Plaintiffs, GARY FRANKLIN HAYDEN and DIANNE MARIE HAYDEN, have suffered economic damages, including, but not limited to: financial support, if any, that Decedent, TYLER GARRETT HAYDEN, would have contributed to the family during either the life expectancy that Decedent TYLER GARRETT HAYDEN had before his death or the life expectancy of Plaintiffs, GARY FRANKLIN HAYDEN and DIANNE MARIE HAYDEN, whichever is shorter; the loss of gifts or benefits that Plaintiffs, GARY FRANKLIN HAYDEN and DIANNE MARIE HAYDEN, would have expected to receive from Decedent TYLER GARRETT HAYDEN; Funeral and burial expenses; and/or the reasonable value of household services that Decedent TYLER GARRETT HAYDEN would have provided.

110. As the direct and legal result of the foregoing and the death of the Decedent TYLER GARRETT HAYDEN, Plaintiffs, GARY FRANKLIN HAYDEN and DIANNE MARIE HAYDEN, have suffered non-economic damages, including, but not limited to: the loss of Decedent TYLER GARRETT HAYDEN's love, companionship, comfort, care, assistance, protection, affection, society, moral support, advice, solace, physical assistance in the operation and maintenance of the home and/or the loss of Decedent TYLER GARRETT HAYDEN's training and guidance. As a result of such injuries, Plaintiffs seek general damages in an amount to be proved at the time of trial.

//

//

//

//

//

TENTH CAUSE OF ACTION

Wrongful Death of Decedent MICHAEL JOSEPH HARRIS

Breach Of Implied Warranty

Under California and General Maritime Law

**(By Plaintiffs PETER LESSER HARRIS and JANET CAROL HARRIS against ALL Named and DOE Defendants, and each of them)**

111. Plaintiffs re-allege and incorporate by this reference each and every allegation in the foregoing paragraphs as though fully set forth herein.

112. At relevant times herein, Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, marketed, manufactured, promoted, distributed, leased, or sold the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* for use by the public at large, including the Decedent, MICHAEL JOSEPH HARRIS and/or those surrounding or in close proximity to said Decedent. Said Defendants, and each of them, knew the use for which their Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* was intended and represented or impliedly warranted the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* to be of merchantable quality, and safe and fit for its intended uses.

113. Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, had a duty to exercise reasonable care in the research, development, design, testing, manufacture, inspection, labeling, distribution, marketing, promotion, sale, lease, and release of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY*.

//

114. Decedent, MICHAEL JOSEPH HARRIS and/or those surrounding or in close proximity to said Decedent, made a decision to use the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY*, and reasonably relied upon Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, and their agents to disclose known defects, risks, and dangers of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY*.

115. Decedent, MICHAEL JOSEPH HARRIS and/or those surrounding or in close proximity to said Decedent , had no knowledge of the falsity or incompleteness of Defendants', BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of their, statements and representations concerning the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* when Decedent, MICHAEL JOSEPH HARRIS and/or those surrounding or in close proximity to said Decedent, used the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* as researched, developed, designed, tested, manufactured, positioned, placed, constructed, built, maintained, inspected, labeled, distributed, marketed, promoted, sold and otherwise released into the stream of commerce by Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them.

116. Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, had sole access to material facts concerning the defects, and Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS;

BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, knew that purchasers, consumers, lessors, users and/or bystanders, such as Decedent, MICHAEL JOSEPH HARRIS and/or those surrounding or in close proximity to said Decedent, could not have reasonably discovered such defects.

117. By the conduct alleged, Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, impliedly warranted to Decedent, MICHAEL JOSEPH HARRIS and/or those surrounding or in close proximity to said Decedent, that the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* was/were merchantable and fit for the purpose intended.

118. Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, breached this warranty in designing, manufacturing, selling, leasing, and distributing the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* in a dangerous and defective condition and in failing to warn Decedent, MICHAEL JOSEPH HARRIS and/or those surrounding or in close proximity to said Decedent, and purchasers, consumers, lessors, users and/or bystanders of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* of these defects.

119. As the direct and legal result of the foregoing negligent and careless design, manufacture, distribution, build, installation, positioning, placement, construction, assembly, maintenance, inspection, monitoring, testing, repair and/or sale of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* by Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK

BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, as herein alleged, and the death of the Decedent MICHAEL JOSEPH HARRIS, Plaintiffs, PETER LESSER HARRIS and JANET CAROL HARRIS, have suffered economic damages, including, but not limited to: financial support, if any, that Decedent, MICHAEL JOSEPH HARRIS, would have contributed to the family during either the life expectancy that Decedent MICHAEL JOSEPH HARRIS had before his death or the life expectancy of Plaintiffs, PETER LESSER HARRIS and JANET CAROL HARRIS, whichever is shorter; the loss of gifts or benefits that Plaintiffs, PETER LESSER HARRIS and JANET CAROL HARRIS, would have expected to receive from Decedent MICHAEL JOSEPH HARRIS; Funeral and burial expenses; and/or the reasonable value of household services that Decedent MICHAEL JOSEPH HARRIS would have provided.

120. As the direct and legal result of the foregoing and the death of the Decedent MICHAEL JOSEPH HARRIS, Plaintiffs, PETER LESSER HARRIS and JANET CAROL HARRIS, have suffered non-economic damages, including, but not limited to: the loss of Decedent MICHAEL JOSEPH HARRIS's love, companionship, comfort, care, assistance, protection, affection, society, moral support, advice, solace, physical assistance in the operation and maintenance of the home and/or the loss of Decedent MICHAEL JOSEPH HARRIS's training and guidance. As a result of such injuries, Plaintiffs seek general damages in an amount to be proved at the time of trial.

**ELEVENTH CAUSE OF ACTION**

**Wrongful Death of Decedent TYLER GARRETT HAYDEN**

**Breach Of Express Warranty**

**Under California and General Maritime Law**

**(By Plaintiffs GARY FRANKLIN HAYDEN and DIANNE MARIE HAYDEN against ALL Named and DOE Defendants, and each of them)**

121. Plaintiffs re-allege and incorporate by this reference each and every allegation in the foregoing paragraphs as though fully set forth herein.

122. Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, expressly and by advertising, warranted and represented to the general public, SEGERBLOMS and/or to Decedent, TYLER GARRETT HAYDEN and/or those surrounding or in close proximity to said Decedent that the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* was reasonably fit for the purpose for which they were intended.

123. Decedent, TYLER GARRETT HAYDEN and/or those surrounding or in close proximity to said Decedent, reasonably relied on those warranties and representations. The Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* did not conform to the representations made by Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, and was not fit for the purpose for which it was intended. When used in a normal and usual manner, the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* caused the fatal injuries to Decedent, TYLER GARRETT HAYDEN, as set forth above.

124. Defendants', BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of their, breach of their express warranties were a substantial factor in causing the injuries as alleged above.

125. As the direct and legal result of the foregoing, and the death of the Decedent TYLER GARRETT HAYDEN, Plaintiffs, GARY FRANKLIN HAYDEN and DIANNE MARIE HAYDEN, have suffered economic damages, including, but not limited to: financial support, if any, that Decedent, TYLER GARRETT HAYDEN,

would have contributed to the family during either the life expectancy that Decedent TYLER GARRETT HAYDEN had before his death or the life expectancy of Plaintiffs, GARY FRANKLIN HAYDEN and DIANNE MARIE HAYDEN, whichever is shorter; the loss of gifts or benefits that Plaintiffs, GARY FRANKLIN HAYDEN and DIANNE MARIE HAYDEN, would have expected to receive from Decedent TYLER GARRETT HAYDEN; Funeral and burial expenses; and/or the reasonable value of household services that Decedent TYLER GARRETT HAYDEN would have provided.

126. As the direct and legal result of the foregoing and the death of the Decedent TYLER GARRETT HAYDEN, Plaintiffs, GARY FRANKLIN HAYDEN and DIANNE MARIE HAYDEN, have suffered non-economic damages, including, but not limited to: the loss of Decedent TYLER GARRETT HAYDEN's love, companionship, comfort, care, assistance, protection, affection, society, moral support, advice, solace, physical assistance in the operation and maintenance of the home and/or the loss of Decedent TYLER GARRETT HAYDEN's training and guidance. As a result of such injuries, Plaintiffs seek general damages in an amount to be proved at the time of trial.

## TWELFTH CAUSE OF ACTION

**Wrongful Death of Decedent MICHAEL JOSEPH HARRIS**

**Breach Of Express Warranty**

**Under California and General Maritime Law**

**(By Plaintiffs PETER LESSER HARRIS and JANET CAROL HARRIS against ALL Named and DOE Defendants, and each of them)**

127. Plaintiffs re-allege and incorporate by this reference each and every allegation in the foregoing paragraphs as though fully set forth herein.

128. Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, expressly and by advertising, warranted and represented to the general public,

DULEYS and/or to Decedent, MICHAEL JOSEPH HARRIS and/or those surrounding or in close proximity to said Decedent that the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* was reasonably fit for the purpose for which they were intended.

129. Decedent, MICHAEL JOSEPH HARRIS and/or those surrounding or in close proximity to said Decedent, reasonably relied on those warranties and representations. The Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* did not conform to the representations made by Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, and was not fit for the purpose for which it was intended. When used in a normal and usual manner, the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* caused the fatal injuries to Decedent, MICHAEL JOSEPH HARRIS, as set forth above.

130. Defendants', BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of their, breach of their express warranties were a substantial factor in causing the injuries as alleged above.

131. As the direct and legal result of the foregoing negligent and careless design, manufacture, distribution, build, installation, positioning, placement, construction, assembly, maintenance, inspection, monitoring, testing, repair and/or sale of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* by Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, as herein alleged, and the death of the Decedent MICHAEL JOSEPH HARRIS,

Plaintiffs, PETER LESSER HARRIS and JANET CAROL HARRIS, have suffered economic damages, including, but not limited to: financial support, if any, that Decedent, MICHAEL JOSEPH HARRIS, would have contributed to the family during either the life expectancy that Decedent MICHAEL JOSEPH HARRIS had before his death or the life expectancy of Plaintiffs, PETER LESSER HARRIS and JANET CAROL HARRIS, whichever is shorter; the loss of gifts or benefits that Plaintiffs, PETER LESSER HARRIS and JANET CAROL HARRIS, would have expected to receive from Decedent MICHAEL JOSEPH HARRIS; Funeral and burial expenses; and/or the reasonable value of household services that Decedent MICHAEL JOSEPH HARRIS would have provided.

132. As the direct and legal result of the foregoing and the death of the Decedent MICHAEL JOSEPH HARRIS, Plaintiffs, PETER LESSER HARRIS and JANET CAROL HARRIS, have suffered non-economic damages, including, but not limited to: the loss of Decedent MICHAEL JOSEPH HARRIS's love, companionship, comfort, care, assistance, protection, affection, society, moral support, advice, solace, physical assistance in the operation and maintenance of the home and/or the loss of Decedent MICHAEL JOSEPH HARRIS's training and guidance. As a result of such injuries, Plaintiffs seek general damages in an amount to be proved at the time of trial.

**THIRTEENTH CAUSE OF ACTION**

**Negligent Products Liability**

**Under California and General Maritime Law**

**(By Plaintiff, KELLY MARGARET WELLS, as against ALL Named and DOE Defendants, and each of them)**

133. Plaintiffs re-allege and incorporate by this reference each and every allegation in the foregoing paragraphs as though fully set forth herein.

134. Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of

them, were engaged in the manufacture, design, testing, producing, inspecting, vending, building, constructing, positioning, placement, distributing, introducing into interstate commerce, transporting in interstate commerce, advertising, selling, leasing, installing, and assembling and recommending for use to the general public the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY*.

135. Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, owed duties of care to actual and potential customers with respect to the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY*. Such duties included but were not limited to: designing, formulating, manufacturing, constructing, building, positioning, placing, distributing, leasing, selling, and providing the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* in a fashion that was safe to consumers; packaging the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* safely so as to reasonably minimize the potential for injury; labeling the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* so as to reasonably warn consumers of the potential for danger; and reasonably applying knowledge and information from past incidents, complaints, studies, observations, reports, experience, or investigation to provide for the safety of consumers with respect to the products.

136. Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, knew or should have known that if the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* was/were not properly and carefully manufactured, built, constructed, positioned, placed, designed, tested, maintained, inspected, installed, assembled, delivered, molded, warned, labeled, and signed prior to sale or distribution to consumers, it would, if used by any member of the

general public, be a substantial factor in causing serious and permanent injury.

137. Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, negligently and carelessly manufactured, constructed, built, placed, positioned, designed, tested, maintained, inspected, installed, assembled, delivered, molded, labeled, warned, signed, leased, and sold the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* so that it was in a dangerous and defective condition and unsafe for the use and purposes for which it were intended.

138. The condition of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* was known to Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, or should have been discovered by them through the exercise of ordinary care and reasonable diligence, but was not disclosed or made known to purchasers, consumers, lessors, users and/or bystanders of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY*, including, if applicable, Plaintiff, KELLY MARGARET WELLS.

139. At all times herein mentioned, purchasers, consumers, lessors, users and/or bystanders of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY*, including, Plaintiff, KELLY MARGARET WELL, had no knowledge of the defective condition of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* or of any danger in the use of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY*.

140. The negligence and carelessness of the Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and

Does 1 to 100, Inclusive, and each of them, was a substantial factor in causing the injuries and damages alleged above.

141. As a direct and legal result of the acts or omissions of Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, as alleged herein, Plaintiff incurred medical expenses, loss of earnings and other related expenses and special economic damages, as well as suffering and continuing to suffer in the present and into the future, and general damages for her pain and anguish. Additionally, and as a direct and legal result of the injuries and damages suffered by the Plaintiff as alleged herein, Plaintiff will in the future suffer special economic damages consisting of, but not limited to, medical expenses, loss of earnings, and general damages for pain and suffering.

**FOURTEENTH CAUSE OF ACTION**

**Strict Product Liability - Design and Manufacturing Defect**

**Under California and General Maritime Law**

**(By Plaintiff, KELLY MARGARET WELLS, as against ALL Named and DOE Defendants, and each of them)**

142. Plaintiffs re-allege and incorporate by this reference each and every allegation in the foregoing paragraphs as though fully set forth herein.

143. At the time that the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* left the control of Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* was dangerous and defective as a result of design, manufacture, alteration, or modification by Defendants,

BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them.

144. At all times relevant, Defendants, and each of them, knew and intended that the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* would be purchased, rented, leased, used, occupied and/or operated by members of the general public who would rely on Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, to safely design, manufacture, market and distribute the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* in a safe manner and to transmit any relevant warnings about the product.

145. At the time of the incident giving rise to this Complaint, the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* was being used in a manner and fashion that was foreseeable Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, and in a manner in which the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* was intended to be used.

146. Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, manufactured, constructed, built, positioned, placed and/or designed the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* defectively or knew its manufacture, construction, placement, positioning and/or design was defective, or both, causing the Subject Navigation Light Assemblies, Subject Boston

Whaler Boats and/or *MARK L. BIXBY* to fail to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

147. In addition, the risks inherent in the design, positioning, placement, manufacture, and/or construction of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* outweigh any benefits of that design.

148. As a legal result of the aforementioned dangerous and defective condition of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY*, Plaintiff, KELLY MARGARET WELLS, was injured and suffered damage as alleged herein.

149. As a direct and legal result of the acts or omissions of Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, as alleged herein, Plaintiff incurred medical expenses, loss of earnings and other related expenses and special economic damages, as well as suffering and continuing to suffer in the present and into the future, and general damages for her pain and anguish. Additionally, and as a direct and legal result of the injuries and damages suffered by the Plaintiff as alleged herein, Plaintiff will in the future suffer special economic damages consisting of, but not limited to, medical expenses, loss of earnings, and general damages for pain and suffering.

**FIFTEENTH CAUSE OF ACTION**

**Strict Product Liability - Failure to Warn of Defective Condition**

**Under California and General Maritime Law**

**(By Plaintiff, KELLY MARGARET WELLS, as against ALL Named and DOE Defendants, and each of them)**

150. Plaintiffs re-allege and incorporate by this reference each and every allegation in the foregoing paragraphs as though fully set forth herein.

151. The Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* was in a dangerous and defective condition when introduced into the stream of commerce by Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them. The Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* was so defective that when used in a way that was reasonably foreseeable, the potential risks of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* created a substantial danger to purchasers, lessors, consumers, lessors, users and/or bystanders of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* and others, and could and would cause those serious injuries.

152. The Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* had potential risks that were known or knowable by the use of scientific knowledge available at the time of manufacture, distribution, lease, positioning, placement, construction, build and/or sale of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY*. Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, knew, or in the exercise of reasonable care, should have known that the potential or inherent risks presented a substantial danger to purchasers, lessors, consumers, lessors, users and/or bystanders of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* because defendants possessed special knowledge of the materials, design, character, and assemblage of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY*. Plaintiff, KELLY MARGARET WELLS, and ordinary purchasers, lessors, consumers, lessors, users and/or bystanders would not recognize, nor have knowledge that the Subject Navigation Light Assemblies, Subject Boston Whaler

Boats and/or *MARK L. BIXBY* was/were dangerous and defective.

153. Although possessed of special knowledge of the potential risks and substantial danger to purchasers, lessors, consumers, lessors, users and/or bystanders of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* and others, Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, failed to adequately warn or instruct of the potential risks and dangerous and defective conditions of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY.*

154. Plaintiff, KELLY MARGARET WELLS, was harmed and suffered the injuries and damages alleged as a result of Defendants' failure to adequately warn. The lack of sufficient warning or instructions was a substantial factor in causing Plaintiff, KELLY MARGARET WELLS's harm.

155. As a direct and legal result of the acts or omissions of Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, as alleged herein, Plaintiff incurred medical expenses, loss of earnings and other related expenses and special economic damages, as well as suffering and continuing to suffer in the present and into the future, and general damages for her pain and anguish. Additionally, and as a direct and legal result of the injuries and damages suffered by the Plaintiff as alleged herein, Plaintiff will in the future suffer special economic damages consisting of, but not limited to, medical expenses, loss of earnings, and general damages for pain and suffering.

//

//

//

**SIXTEENTH CAUSE OF ACTION**

**Negligence**

**Under California and General Maritime Law**

**(By Plaintiff, KELLY MARGARET WELLS, as against ALL Named and DOE Defendants, and each of them)**

156. Plaintiffs re-allege and incorporate by this reference each and every allegation in the foregoing paragraphs as though fully set forth herein.

157. Plaintiffs are informed and believe and based thereon allege that as the direct and legal result of the foregoing negligent and careless acts, omissions, care, maintenance, inspection, monitoring, testing, and/or repair of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* by Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, as herein alleged, Plaintiff incurred medical expenses, loss of earnings and other related expenses and special economic damages, as well as suffering and continuing to suffer in the present and into the future, and general damages for her pain and anguish. Additionally, and as a direct and legal result of the injuries and damages suffered by the Plaintiff as alleged herein, Plaintiff will in the future suffer special economic damages consisting of, but not limited to, medical expenses, loss of earnings, and general damages for pain and suffering.

**SEVENTEENTH CAUSE OF ACTION**

**Breach Of Implied Warranty**

**Under California and General Maritime Law**

**(By Plaintiff, KELLY MARGARET WELLS, as against ALL Named and DOE Defendants, and each of them)**

158. Plaintiffs re-allege and incorporate by this reference each and every allegation in the foregoing paragraphs as though fully set forth herein.

159. At relevant times herein, Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, marketed, manufactured, promoted, distributed, leased, or sold the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* for use by the public at large, including the Plaintiff, KELLY MARGARET WELLS and/or those surrounding or within a close proximity to said Plaintiff. Defendants knew the use for which their Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* was intended and represented or impliedly warranted the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* to be of merchantable quality, and safe and fit for its intended uses.

160. Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, had a duty to exercise reasonable care in the research, development, design, testing, manufacture, inspection, labeling, distribution, marketing, promotion, sale, lease, and release of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY*.

161. Plaintiff, KELLY MARGARET WELLS and/or those surrounding or within a close proximity to said Plaintiff, made a decision to use the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY*, and reasonably relied upon Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, and their agents to disclose known defects, risks, and dangers of the Subject

Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY*.

162. Plaintiff, KELLY MARGARET WELLS and/or those surrounding or within a close proximity to said Plaintiff, had no knowledge of the falsity or incompleteness of Defendants', BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of their, statements and representations concerning the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* when Plaintiff, KELLY MARGARET WELLS and/or those surrounding or within a close proximity to said Plaintiff, used the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* as researched, developed, designed, tested, manufactured, positioned, placed, constructed, built, maintained, inspected, labeled, distributed, marketed, promoted, sold and otherwise released into the stream of commerce by Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them.

163. Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, had sole access to material facts concerning the defects, and Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, knew that purchasers, consumers, lessors, users and/or bystanders, such as Plaintiff, KELLY MARGARET WELLS and/or those surrounding or within a close proximity to said Plaintiff, could not have reasonably discovered such defects.

164. By the conduct alleged, Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK

CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, impliedly warranted to Plaintiff, KELLY MARGARET WELLS and/or those surrounding or within a close proximity to said Plaintiff that the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* was/were merchantable and fit for the purpose intended.

165. Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, breached this warranty in designing, manufacturing, selling, leasing, and distributing the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* in a dangerous and defective condition and in failing to warn Plaintiff, KELLY MARGARET WELLS and/or those surrounding or within a close proximity to said Plaintiff, and purchasers, consumers, lessors, users and/or bystanders of the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* of these defects.

166. As a direct and legal result of the acts or omissions of Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, as alleged herein, Plaintiff incurred medical expenses, loss of earnings and other related expenses and special economic damages, as well as suffering and continuing to suffer in the present and into the future, and general damages for her pain and anguish. Additionally, and as a direct and legal result of the injuries and damages suffered by the Plaintiff as alleged herein, Plaintiff will in the future suffer special economic damages consisting of, but not limited to, medical expenses, loss of earnings, and general damages for pain and suffering.

//

//

SEVENTEENTH CAUSE OF ACTION

**Breach Of Express Warranty**

**Under California and General Maritime Law**

**(By Plaintiff, KELLY MARGARET WELLS, as against ALL Named and DOE Defendants, and each of them)**

167. Plaintiffs re-allege and incorporate by this reference each and every allegation in the foregoing paragraphs as though fully set forth herein.

168. Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, expressly and by advertising, warranted and represented to the general public, SEGERBLOMS and/or to Plaintiff, KELLY MARGARET WELLS and/or those surrounding or within a close proximity to said Plaintiff that the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* was reasonably fit for the purpose for which they were intended.

169. Plaintiff, KELLY MARGARET WELLS and/or those surrounding or within a close proximity to said Plaintiff, reasonably relied on those warranties and representations. The Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* did not conform to the representations made by Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, and was not fit for the purpose for which it was intended. When used in a normal and usual manner, the Subject Navigation Light Assemblies, Subject Boston Whaler Boats and/or *MARK L. BIXBY* caused the serious personal injuries to Plaintiff, KELLY MARGARET WELLS, more fully set forth above.

170. Defendants', BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK

BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of their, breach of their express warranties were a substantial factor in causing the injuries as alleged above.

171. As a direct and legal result of the acts or omissions of Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, as alleged herein, Plaintiff incurred medical expenses, loss of earnings and other related expenses and special economic damages, as well as suffering and continuing to suffer in the present and into the future, and general damages for her pain and anguish. Additionally, and as a direct and legal result of the injuries and damages suffered by the Plaintiff as alleged herein, Plaintiff will in the future suffer special economic damages consisting of, but not limited to, medical expenses, loss of earnings, and general damages for pain and suffering.

**WHEREFORE**, Plaintiffs, GARY FRANKLIN HAYDEN; DIANNE MARIE HAYDEN; PETER LESSER HARRIS; JANET CAROL HARRIS; and KELLY MARGARET WELLS, pray for Judgment against the Defendants, BOSTON WHALER, INC. a.k.a. BOSTON WHALER a.k.a. BOSTON WHALER BOATS; BRUNSWICK CORPORATION; BRUNSWICK BOATS, INC.; BRUNSWICK BOAT GROUP; and Does 1 to 100, Inclusive, and each of them, as follows:

1. For general damages in a sum according to proof;
2. For special damages for loss of financial support in a sum according to proof;
3. For special damages in a sum according to proof;
4. For funeral and burial expenses incurred by Plaintiffs in a sum according to proof;

5. For interest on all economic damages in the legal amount from the date of Decedents' death to the date of judgment;

6. Costs and expenses of suit incurred herein; and

7. For such other and further relief as the Court deems just and proper.

Dated: August 30, 2017

COHEN & MARZBAN, Law Corporation

BOB M. COHEN, ESQ.
MICHAEL M. MARZBAN, ESQ.
Attorney for Plaintiffs

| SHORT TITLE: HAYDEN, ET AL. V. BOSTON WHALER, INC., ET AL. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☑ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

| SHORT TITLE: HAYDEN, ET AL. V. BOSTON WHALER, INC., ET AL. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: HAYDEN, ET AL. V. BOSTON WHALER, INC., ET AL. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

| SHORT TITLE: HAYDEN, ET AL. V. BOSTON WHALER, INC., ET AL. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: *Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).*

| REASON: ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☑ 11. | | | ADDRESS: APPROXIMATELY 1/4 MILE NORTHEAST OF AVALON HARBOR, CATALINA ISLAND |
|---|---|---|---|
| CITY: AVALON | STATE: CA | ZIP CODE: 90704 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the CENTRAL District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: AUGUST 30, 2017



(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL PERSONAL INJURY CASE

Case Number BC 674552

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c).

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| | Hon. Patricia Nieto | 91 | 632 | | | | |
| | Hon. Yolanda Orozco | 92 | 633 | | | | |
| | Hon. Robert B. Broadbelt | 93 | 631 | | | | |
| | Hon. Benny C. Osorio | 97 | 630 | | | | |
| X | Hon. Holly J. Fujie | 98 | 635 | | | | |
| | | | | | | | |
| | FSC: 02 / 14 / 2019 TRIAL: 02 / 28 / 2019 OSC: 08 / 31 / 2020 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on ____________ SHERRI R. CARTER, Executive Officer/Clerk

By ________________________, Deputy Clerk

LACIV PI 190 (Rev06/16)
LASC Approved 05-06

NOTICE OF CASE ASSIGNMENT

UNLIMITED CIVIL CASE

2017-SJ-009-00

FILED
Superior Court of California
County of Los Angeles

AUG 10 2017

Sherri R. Carter, Executive Officer/Clerk
By [signature], Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI Court") PROCEDURES, **CENTRAL DISTRICT** (Effective August 9, 2017) | Case No.: <br><br> SEVENTH AMENDED GENERAL ORDER |

**DEPARTMENT:** 91 92 93 97 98

**FINAL STATUS CONFERENCE ("FSC"):**

- **Date: ______________________ at 10:00 a.m.**

**TRIAL:**

- **Date: ______________________ at 8:30 a.m.**

**OSC re DISMISSAL (Code Civ. Proc., § 583.210):**

- **Date: ______________________ at 8:30 a.m.**

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

**Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE FEBRUARY 25, 2016 AMENDED GENERAL ORDER AND GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL**

**JURISDICTION PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.**

Effective March 18, 2013, the Court responded to systemic budget reductions by centralizing the management of more than 18,000 general jurisdiction personal injury cases in the Stanley Mosk Courthouse. LASC initially opened three Personal Injury Courts ("PI Courts" - Departments 91, 92 and 93), on January 6, 2014, a fourth (Department 97), and on September 28, 2015 a fifth (Department 98) to adjudicate all pretrial matters for these cases. It also established a Master Calendar Court (Department One) to manage the assignment of trials to dedicated Trial Courts located countywide. Prior Amended General Orders laid out the basic procedures for the PI Courts' management of pretrial matters. The parties will find additional information about the PI Courts on the court's website, *www.lacourt.org*.

1. To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

> "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition." (Local Rule 2.3(a)(1)(A).)

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

A7260 Product Liability (not asbestos or toxic/environmental)

A7210 Medical Malpractice – Physicians & Surgeons

A7240 Medical Malpractice – Other Professional Health Care Malpractice

A7250 Premises Liability (e.g., slip and fall)

A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

The Court sets the above dates in this action in the PI Court circled above (Department 91, 92, 93, 97, or 98) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012. (C.R.C. Rules 3.714(b)(3), 3.729.)

**FILING OF DOCUMENTS**

2. Parties may file documents in person at the filing window, via U.S. Mail, via e-Delivery, which is available online at *www.lacourt.org* (link on homepage). Please note that

filings are no longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery. Claims involving an attorney-client fee dispute, documents in which the filing party is a minor, legally incompetent person, or person for whom a conservator has been appointed, Requests to Waive Court Fees (FW-001) and Requests for Accommodations by Persons with Disabilities (MC-410), may not be filed via e-Delivery.

**SERVICE OF SUMMONS AND COMPLAINT**

3. Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as soon as possible but no later than <u>three years</u> from the date when the complaint is filed. (C.C. P. § 583.210, subd. (a).) On the OSC re Dismissal date noted above, the PI Court will dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

4. The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six months of filing the complaint.

5. The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no party appears for trial.

**STIPULATIONS TO CONTINUE TRIAL**

6. Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P. § 583.310), the parties may advance or continue any trial date in the PI Courts without showing good cause or articulating any reason or justification for the change. To continue or advance a trial date, the parties (or their counsel of record) should jointly execute and submit (in Room 102 of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee required) a

Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts schedule FSCs for 10:00 a.m., eight (8) court days before the trial date. Parties seeking to continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC date. Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight court days before the proposed advanced FSC date. (C.C.P. § 595.2; Govt. Code § 70617, subd. (c)(2).) In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday following a court holiday. Parties may submit a maximum of two stipulations to continue trial, for a total continuance of six months. Subsequent requests to continue trial will be granted upon a showing of good cause by noticed motion. This rule is retroactive so that any previously granted stipulation to continue trial will count toward the maximum number of allowed continuances.

## NO CASE MANAGEMENT CONFERENCES

7. The PI Courts do not conduct Case Management Conferences. The parties need not file a Case Management Statement.

## LAW AND MOTION

8. Any documents with declarations and/or exhibits must be tabbed. (C.R.C. Rule 3.1110(f).) All depositions excerpts referenced in briefs must be marked on the transcripts attached as exhibits. (C.R.C. Rule 3.1116(c).)

**CHAMBERS COPIES REQUIRED**

9. In addition to filing original motion papers in Room 102 of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to the PI Court courtrooms, an extra copy (marked "Chambers Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one or more three-ring binders organizing the Chambers Copies behind tabs.

**RESERVATION HEARING DATE**

10. Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage). After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page. Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11. California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**DISCOVERY MOTIONS**

12. The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person. The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13. Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard, unless, the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC. Scheduling or participating in an IDC does not extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions. Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope. Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an IDC. If parties do not stipulate to extend the deadlines, the moving party may file the motion to avoid it being deemed untimely. However, the IDC must take place before the motion is heard so it is suggested that the moving party reserve a date for the motion hearing that is at least 60 days after the date when the IDC reservation is made. Motions to Compel Further Discovery Responses are heard at 10:00 a.m. If the IDC is not productive, the moving party may advance the hearing on a Motion to Compel Further Discovery Responses on any available hearing date that complies with the notice requirements of the Code of Civil Procedure.

14. Parties are directed to reserve IDC dates in the PI Courts using CRS available online at www.lacourt.org (link on homepage). Parties are to meet and confer regarding the available

dates in CRS prior to accessing the system. After reserving the IDC date, the reservation requestor must file in the appropriate department and serve an Informal Discovery Conference Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days prior to the conference and attach the CRS reservation receipt as the last page. The opposing party may file and serve a responsive IDC Form, briefly setting forth that party's response, at least 10 court days prior to the IDC.

15. Time permitting, the PI Hub judges may be available to participate in IDCs to try to resolve other types of discovery disputes.

**EX PARTE APPLICATIONS**

16. Under the California Rules of Court, courts may only grant *ex parte* relief upon a showing, by admissible evidence, that the moving party will suffer "irreparable harm," "immediate danger," or where the moving party identifies "a statutory basis for granting relief ex parte." (C.R.C. Rule 3.1202(c).) The PI Courts have no capacity to hear multiple *ex parte* applications or to shorten time to add hearings to their fully booked motion calendars. The PI Courts do not regard the Court's unavailability for timely motion hearings as an "immediate danger" or threat of "irreparable harm" justifying *ex parte* relief. Instead of seeking *ex parte* relief, the moving party should reserve the earliest available motion hearing date (even if it is after the scheduled trial date) and should file a motion to continue trial. Parties should also check the Court Reservation System from time to time because earlier hearing dates may become available as cases settle or hearings are taken off calendar.

**REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

17. Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C") Court shall file (in Room 102 of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under the PI Courts link). The PI Courts will transfer a matter to an I/C Court if the case is not a "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether a personal injury case is "complicated" the PI Courts will consider, among other things, the number of pretrial hearings or the complexity of issues presented.

18. Parties opposing a motion to transfer have five court days to file (in Room 102, via U.S. mail or via e-Delivery) an Opposition (using the same LACIV 238 Motion to Transfer form).

19. The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court. Although the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts will make an independent determination whether to transfer the case or not.

**GENERAL ORDER – FINAL STATUS CONFERENCE**

20. Parties shall comply with the requirements of the PI Courts' "Fourth Amended General Order – Final Status Conference," which shall be served with the summons and complaint.

**JURY FEES**

21. Parties must pay jury fees no later than 365 calendar days after the filing of the initial complaint. (C. C. P. § 631, subds. (b) and (c).)

**JURY TRIALS**

22. The PI Courts do not conduct jury trials. On the trial date, a PI Court will transfer the case to the Master Calendar Court in Department One in the Stanley Mosk Courthouse. Department One assigns cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal Courtrooms.

**SANCTIONS**

23. The Court has discretion to impose sanctions for any violation of this general order. (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

Dated: 8/10/17

Debra K. Weintraub
Supervising Judge of Civil Courts
Los Angeles Superior Court